OPINION *Page 2 
{¶ 1} On December 11, 2006, the Stark County Grand Jury indicted appellant, Arthur Ruffin, on one count of receiving stolen property in violation of R.C. 2913.51 and one count of operating or permitting operation of a motor vehicle while under financial responsibility law suspension or cancellation in violation of R.C. 4510.16(A). Thereafter, appellant was also indicted on one count of having weapons under disability in violation of R.C. 2923.13 and carrying a concealed weapon in violation of R.C. 2923.12.
 {¶ 2} A trial on all charges commenced on January 23, 2007. At the close of the state's case-in-chief, appellant moved for a Crim.R. 29 acquittal. The trial court denied the motion. The jury found appellant guilty of the R.C. 4510.16(A) violation and not guilty on the remaining counts. By judgment entry filed February 2, 2007, the trial court sentenced appellant to one hundred eighty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING THE DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE OF DRIVING UNDER FINANCIAL RESPONSIBILITY SUSPENSION OR CANCELLATION."
 II {¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY AS TO ALL THE ELEMENTS OF DRIVING UNDER FINANCIAL RESPONSIBILITY SUSPENSION OR CANCELLATION." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal on the charge of driving under financial responsibility law suspension or cancellation pursuant to R.C.4510.16(A). We agree.
 {¶ 7} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 10} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} Appellant was charged with driving under financial responsibility law suspension or cancellation in violation of R.C.4510.16(A) which states the following:
 {¶ 12} "No person, whose driver's or commercial driver's license or temporary instruction permit or nonresident's operating privilege has been suspended or canceled pursuant to Chapter 4509. of the Revised Code, shall operate any motor vehicle within *Page 4 
this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period of the suspension or cancellation, except as specifically authorized by Chapter 4509. of the Revised Code. No person shall operate a motor vehicle within this state, or knowingly permit any motor vehicle owned by the person to be operated by another person in the state, during the period in which the person is required by section 4509.45 of the Revised Code to file and maintain proof of financial responsibility for a violation of section 4509.101 of the Revised Code, unless proof of financial responsibility is maintained with respect to that vehicle."
 {¶ 13} Seven witnesses testified in the state's case-in-chief and the majority, if not all of the testimony, concerned the receiving stolen property charge and the weapons charges, all of which the jury returned verdicts of not guilty.
 {¶ 14} Canton Police Officer David Wright testified he observed appellant operating a motor vehicle. T. at 203-204. Upon checking appellant's identification and social security number, Officer Wright stated the following:
 {¶ 15} "That number was then run through our local systems LEADS and NCIC for any outstanding warrants, also for his driving status. I believe it came back negative for warrants; however, it was revealed through further investigation that he had no valid operator's license. It was also driving under an FRA suspension." T. at 208.
 {¶ 16} No objection was made to this hearsay statement, and no other evidence was presented on the R.C. 4510.16(A) violation prior to the Crim.R. 29 motion for acquittal.
 {¶ 17} Given the quality of the testimony and its inconclusive nature as to the FRA suspension and no operator's license, we find the state failed in its burden to *Page 5 
support the R.C. 4510.16(A) charge in its case-in-chief, and the Crim.R. 29 motion should have been granted. We find no evidence of a certified suspension from the Bureau of Motor Vehicles or any evidence as to the authenticity of the type of suspension sub judice.
 {¶ 18} Upon review, we find the trial court erred in denying appellant's Crim.R. 29 motion for acquittal on the driving under financial responsibility law suspension or cancellation charge.
 {¶ 19} Assignment of Error I is granted.
 II {¶ 20} Appellant claims the trial court erred in its jury instruction regarding the R.C.4510.16(A) violation. Given our decision in Assignment of Error I, we find this assignment to be moot.
 {¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
 By Farmer, J., Gwin, P.J., and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed. *Page 1